UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY MORRIS OSBECK, <br> Petitioner <br> <br> v. <br> <br> DAVID J. EBBERT, Warden <br> Respondent | : CIVIL ACTION NO. 3:CV-08-1181 <br> : <br> : (Judge Nealon) <br> : <br> : <br> : <br> : |

## MEMORANDUM AND ORDER

Presently before the Court is a petition for writ of corpus filed by Petitioner, Jeffrey Morris Osbeck ("Osbeck"), an inmate currently confined in the Allenwood Medium Federal Correctional Institution, White Deer ("FCI-Allenwood"), Pennsylvania. Osbeck challenges the validity of his conviction from the United States District Court for the Western District of Michigan. The required filing fee has been paid. Named as the sole respondent is David Ebbert, the Warden at FCI-Allenwood.

## Background

On July 23, 2007, following the entry of a guilty plea in the United States District Court for the Western District of Michigan to two counts of Felon in Possession of Firearms, a violation of 18 U.S.C. § 922(g)(1), Osbeck was

-1-

FILED
SCRANTON

OCT 08 2008

PER _____
DEPUTY CLERK

sentenced to a concurrent 100 month term of incarceration for each count. (Doc. 1, Judgment). On August 6, 2007, Osbeck filed a direct appeal from his conviction. United States v. Osbeck, et al., Crim. Action No. 1:06-cr-00272-RAE-1 (W.D. Michigan 2006). By Order dated August 8, 2008, the United States Court of Appeals for the Sixth Circuit granted the Government's motion to dismiss the appeal based on a waiver of the right to appeal contained within the plea agreement. Id. No other challenge to the conviction and sentence has been filed.

On June 23, 2008, Osbeck filed the instant petition for writ of habeas corpus. (Doc. 1, petition). He seeks relief on the basis that "the respondent is restraining the wrong party because of the diversity raised, affirmed and certified through attached UCC-1." Id. For the reasons that follow, the petition for writ of habeas corpus will be dismissed, without prejudice.

The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (In applications for habeas corpus cases not covered by Rule 1, subdivision (a), which addresses application under 28 U.S.C. §2254, subdivision (b) provides that the rules may be applied at the discretion of the United States district court), as it is the duty of the Court to screen out frivolous

applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).[1] For the reasons outlined below, the petition will be dismissed without prejudice to any right Osbeck may have to file a § 2255 motion with the District Court for the Western District of Michigan.

**Discussion**

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979). In the instant case, Osbeck is clearly maintaining that his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion

---

1. Rule 4 provides in relevant part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention." (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

-4-

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).  Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241.  Id. at 249.  If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction.  Galante, 437 F.2d at 1165.  The fact that a petitioner's § 2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); In re Dorsainvil, 119 F.3d at 251; United States v. Lurie, 207 F.3d 1075, 1077-78 (8th

Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).

Petitioner fails to provide any explanation as to why he did not seek to file a § 2255 motion with the sentencing court. It is the Petitioner's burden to prove that § 2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Osbeck has not met this burden.

Additionally, Osbeck does not claim he is actually innocent of the crime to which he pled guilty, and thus cannot meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[2] Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

An appropriate order is attached.

DATED: October 8, 2008

United States District Judge

---

2. In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY MORRIS OSBECK, | : CIVIL ACTION NO. 3:CV-08-1181 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| DAVID J. EBBERT, Warden | : |
| Respondent | : |

## ORDER

**NOW, THIS 7th DAY OF OCTOBER, 2008,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is **DISMISSED**, without prejudice to any right Osbeck may have to file a §2255 motion with the United States District Court for the Western District Court of Michigan.

2. The Clerk of Court is directed to **CLOSE** this case.

**United States District Judge**